UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHRISTOPHER GAMBLE,

    Plaintiff,                                   Case No.:

vs.

GLOBAL CONTRACTING GROUP, LLC,

    Defendant,
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTOPHER GAMBLE, hereinafter referred to as "PLAINTIFF" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, GLOBAL CONTRACTING GROUP, LLC, (hereinafter known as "DEFENDANT"), and alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Ocala Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Sumter County, Florida.

4. Defendant is a Florida profit corporation licensed and authorized to conduct business in the State of Florida and doing business within Sumter County. At all times material Defendant was an employer as defined by the FLSA.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7. Defendant is an "enterprise" as defined by 29 U.S.C. § 203(s)(l)(A) in that it (a) has employees engaged in commerce or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, or (b) has an annual gross volume of sales made or business done that is not less than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in interstate commerce as part of his job with

Defendants, 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10. Plaintiff was hired by Defendant on or around September 2019, in the position of Supervisor.

11. Plaintiff runs two golf courses for the Defendant in the Villages.

12. Approximately mid-March 2021, Defendant hired an employee, Christopher Dennis, who was recently released from prison.

13. Mr. Dennis would frequently harass and threaten Plaintiff.

14. Some examples of the threatening behavior are:

    a. I'm going to kill you;

    b. I know where you live;

    c. I know what you drive;

    d. I don't care about going back to prison;

15. On or about September 15, 2021, the Mr. Dennis was again threatening to physically hit Plaintiff and threatened to kill him.

16. Plaintiff reported the incident to the Mr. Dennis' supervisor, Carl Griffin, who stated to Plaintiff "I'm not worried about what he says".

17. On or about September 19, 2021, Plaintiff presented video

surveillance of the harassment and threats to Human Resources. At which time Human Resources stated to Plaintiff "your done here, your terminated".

18. Plaintiff regularly and routinely worked over forty (40) hours in a work week.

19. Plaintiff estimates he worked seven days a week for the past three years.

20. Plaintiff was not paid time and one-half for all hours worked over forty (40).

21. For example: Plaintiff would work fifty (50) hours per week and would only receive time and one-half for six (6) or seven (7) hours.

22. This type of pay practice occurred frequently.

23. Plaintiff was not paid time and a one-half his regular hourly rate for each and every hour that he worked in excess of forty (40) hours in a work week for all weeks that he worked.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

24. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through twenty-three (23).

25. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).

26. Throughout his employment with Defendant, Plaintiff worked in

excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

27. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

28. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

29. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

30. Defendant knew or had reason to know that Plaintiff performed work in excess of forty (40) hours per work week.

31. Defendant's violations of the FLSA were intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

32. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and

§ 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

33. As a result of Defendant's violations of the FLSA, Plaintiff is entitled liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FLORIDA'S PRIVATE WHISTLEBLOWER ACT

35. Plaintiff re-alleges and adopts, as if fully set forth herein, the

allegations stated in Paragraphs one (1) through twenty-three (23).

36. This is an action for damages pursuant to Florida's Private Whistleblower Act, *Florida Statutes* §448.101 *et seq.*

37. The retaliatory actions described above were conducted by Defendant through its agents or employees, in part or in total, because Plaintiff objected to or refused to participate in the activities, policies, or practices of Defendant, which Plaintiff had a reasonable belief were and/or were in fact violations of a law, rule or regulation.

38. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including: lost wages, benefits, and other remuneration, emotional distress, physical injury and humiliation. These losses are permanent or intermittent and will continue into the future.

39. As a result of Defendant's unlawful acts against Plaintiff, Plaintiff has and will continue to incur attorneys' fees, which are recoverable under Section 448.104, *Florida Statutes.*

WHEREFORE, Plaintiff demands judgment against Defendant and prays for the following relief:

    a. Lost wages and benefits;

    b. Prejudgment interest;

      c.      Other remuneration;

      d.      Emotional pain and suffering;

      e.      Attorneys' fees and costs;

      f.      Reinstatement of position, fringe benefits, and seniority rights;

      g.      Any other damages allowable by law.

Dated: December 14, 2021

                    FLORIN GRAY BOUZAS OWENS, LLC

                    /s/Miguel Bouzas
                    Miguel Bouzas
                    Florida Bar No.: 48943
                    miguel@fgbolaw.com
                    Christopher D. Gray
                    Florida Bar No.: 0902004
                    chris@fgbolaw.com
                    16524 Pointe Village Drive, Suite 100
                    Lutz, FL 33558
                    Telephone (727) 254-5255
                    Facsimile (727) 483-7942
                    Attorneys for Plaintiff